UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

A NTONIO B ROWN -O LIVER ,

  *Plaintiff,*

  *v.*                                              Case No: 2:23-cv-1455

C ITY OF M ILWAUKEE , C HAD B OYACK , AND
A NTHONY M ILONE ,

  *Defendants.*

# COMPLAINT

Plaintiff Antonio Brown-Oliver, by his attorneys, Strang Bradley, LLC for his complaint against Defendants City of Milwaukee, Chad Boyack, and Anthony Milone, states:

## INTRODUCTION

1. At about 7:45 p.m., on a Thursday in November, Plaintiff Antonio Brown-Oliver was walking down a street on the sidewalk talking on his phone, when two police officers jumped out of a squad car and started yelling "Hands! Hands! Hands! Put Your hands up!" at him.

2. The two officers were Defendants Chad Boyack and Anthony Milone.

3. Boyack and Milone illegally searched and seized Brown-Oliver without reasonable suspicion that he had committed a crime or was armed and dangerous.

4. The City of Milwaukee has a policy of allowing its police officers to seize people without reasonable suspicion that crime is afoot.

5. The City of Milwaukee has a policy of allowing its police officers to frisk people without reasonable suspicion that crime is afoot or that people are armed and dangerous.

6. The City of Milwaukee has a policy of allowing Defendants Boyack and Milone to seize people without reasonable suspicion that crime is afoot.

7. The City of Milwaukee has a policy of allowing Defendants Boyack and Milone to frisk people without reasonable suspicion that crime is afoot or that people are armed and dangerous.

**FACTS**

8. At about 7:40 p.m. on 5 November 2020, the Milwaukee Police Department received an anonymous tip that eight black men were smoking and drinking outside of a house in Milwaukee, Wisconsin.

9. The anonymous tipster thought that one of the men might have a gun but could not provide a description of that person.

10. The address of the house was 4079 N. 26th Street, in the Garden Homes neighborhood.

11. Minutes after the tip, squad cars with four Milwaukee police officers responded to the block of the house.

12. In one squad were Defendants Boyack and Milone, who are police officers with the City of Milwaukee Police Department.

13. Upon arrival, the first set of officers (not Boyack and Milone) saw two black men leaning against a car and talking.

14. About 30 feet away from them, was another black man walking on the sidewalk talking on his phone.

15. It was now about 7:45 p.m.

16. The first squad approached the two men leaning against the car.

17. The second squad, with Boyack and Milone, pulled up near Brown-Oliver.

18. Boyack and Milone got out of their squad and began yelling at the man on the sidewalk, "Hands! Hands! Hands! Put your hands up!"

19. The man on the sidewalk was Brown-Oliver.

20. Brown-Oliver took his hand out of his pocket and raised it, while he was still talking on his phone.

21. Boyack and Milone seized Brown-Oliver.

22. Boyack and Milone then frisked Brown-Oliver.

23. No officer saw anyone drinking or smoking.

24. No officer saw a group of eight black men.

25. About 90% of the residents of the Garden Homes neighborhood are black.

26. When Boyack and Milone frisked Brown-Oliver, they discovered a firearm. They also learned he was a felon.

27. Charges for being a felon-in-possession, however, were dropped after a Milwaukee County Circuit Court concluded that Milone and Boyack's *Terry*[1] stop and frisk

---

[1] *Terry v. Ohio*, 392 U.S. 1 (1968).

of Brown-Oliver violated the Fourth Amendment to the United States Constitution. *See State v. Brown-Oliver*, Milwaukee County Case No. 2020 CF 003947.

28. Multiple criminal cases in Wisconsin have been dismissed because of unconstitutional searches and seizures performed by Defendants Boyack and Milone, including Milwaukee County Case Nos. 2020 CF 001867, 2020 CM 001386, 2020 CM 002091, and 2021 CM 3262.

29. The City of Milwaukee and its police department were aware that Defendants Boyack and Milone regularly violated the Fourth Amendment by performing searches and seizures without reasonable suspicion.

30. The City of Milwaukee had a policy of allowing its police officers, including Defendants Boyack and Milone, to engage in searches and seizures without reasonable suspicion.

31. The City of Milwaukee knew that Boyack and Milone were regularly engaging in searches and seizures without reasonable suspicion but allowed them to continue, failed to train them, failed to supervise them, and failed to discipline them.

## JURISDICTION AND VENUE

32. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

33. This Court has jurisdiction over federal claims under 28 U.S.C. § 1331 and the state law claim for indemnification under 28 U.S.C. § 1367.

34. Venue is proper under 28 U.S.C. § 1391(b). Defendant City of Milwaukee is a political subdivision of the state of Wisconsin located within this judicial district.

Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

## PARTIES

35. Plaintiff Antonio Brown-Oliver is a resident of the State of Wisconsin.

36. Defendant City of Milwaukee is a political subdivision of the state of Wisconsin and is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment.

37. Defendant Chad Boyack was, at the time this occurred, employed as a police officer with the City of Milwaukee Police Department.

38. Defendant Boyack was acting within the scope of his employment with the City of Milwaukee Department when he interacted with Brown-Oliver on 5 November 2020.

39. Defendant Anthony Milone was, at the time this occurred, employed as a police officer with the City of Milwaukee Police Department.

40. Defendant Milone was acting within the scope of his employment with the City of Milwaukee Department when he interacted with Brown-Oliver on 5 November 2020.

41. At all times relevant to this action, Defendants Boyack and Milone were acting under the color of state law, ordinance, and regulation.

42. Defendant Boyack is sued in his individual capacity.

43. Defendant Milone is sued in his individual capacity.

44. Defendant City of Milwaukee is sued as an indemnitor under Wis. Stat. § 895.46(1)(a).

45. Defendant City of Milwaukee is also sued as a municipality entity.[2]

## COUNT I:
## 42 U.S.C. § 1983 Fourth Amendment Claim for Unlawful Investigatory Stop

46. Plaintiff realleges the above paragraphs.

47. Defendants Boyack and Milone violated Plaintiff Brown-Oliver's Fourth Amendment right to be from unreasonable seizure.

48. Defendants Boyack and Milone seized Plaintiff Brown-Oliver by restraining his physical movement with the use of physical force and a show of authority that Brown-Oliver submitted to.

49. Defendants Boyack and Milone did not have reasonable suspicion that Plaintiff had committed, was committing, or was about to commit a crime.

50. Defendants Boyack and Milone, in seizing Plaintiff Brown-Oliver, acted under color of law.

51. In the alternative, Boyack and Milone failed to intervene in the unlawful investigatory stop of Brown-Oliver. Boyack or Milone knew that the other was going to illegally detain Brown-Oliver, Boyack or Milone had a realistic opportunity to stop the illegal detention before it happened, Boyack or Milone failed to take reasonable steps to prevent the illegal detention, Boyack or Milone's failure to act caused Brown-Oliver to suffer harm.

---

[2] *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

52. The aforementioned actions of Defendants Boyack and Milone were the direct and proximate cause of the constitutional violations set forth above and Plaintiff's injuries and damages set forth above.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Boyack and Milone, and because Boyack and Milone acted maliciously, wantonly, or oppressively, Plaintiff demands punitive damages, plus the costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable. Additionally, Plaintiff asks this Court to find that the City of Milwaukee is liable to defend this action against Boyack and Milone and is required to satisfy any judgment against their employees, by virtue of Wis. Stat. § 895.46.

## COUNT II:
## 42 U.S.C. § 1983 Fourth Amendment Claim for Unlawful Search

53. Plaintiff realleges the above paragraphs.

54. Defendants Boyack and Milone violated Plaintiff Brown-Oliver's Fourth Amendment right to be from unreasonable search.

55. Defendants Boyack and Milone searched Plaintiff Brown-Oliver by frisking him and searching his person.

56. Defendants Boyack and Milone did not have reasonable suspicion to believe that Plaintiff had committed, was committing, or was about to commit a crime.

57. Defendants Boyack and Milone did not have reasonable suspicion to believe that Plaintiff was armed and dangerous.

58. Defendants Boyack and Milone, in searching Plaintiff Brown-Oliver, acted under color of law.

59. In the alternative, Boyack and Milone failed to intervene in the unlawful search of Brown-Oliver. Boyack or Milone knew that the other was going to illegally search Brown-Oliver, Boyack or Milone had a realistic opportunity to stop the illegal search before it happened, Boyack or Milone failed to take reasonable steps to prevent the illegal search, and Boyack or Milone's failure to act caused Brown-Oliver to suffer harm.

60. The aforementioned actions of Defendants Boyack and Milone were the direct and proximate cause of the constitutional violations set forth above and Plaintiff's injuries and damages set forth above.

61. In the alternative, Boyack and Milone failed to intervene in the unlawful search of Brown-Oliver. Boyack or Milone knew that the other was going to illegally search Brown-Oliver, Boyack or Milone had a realistic opportunity to stop the illegal search before it happened, Boyack or Milone failed to take reasonable steps to prevent the illegal search, and Boyack or Milone's failure to act caused Brown-Oliver to suffer harm.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Boyack and Milone, and because Boyack and Milone acted maliciously, wantonly, or oppressively, Plaintiff demands punitive damages, plus the costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable. Additionally, Plaintiff asks this Court to find that the City of Milwaukee is liable to defend this action against Boyack and Milone and is required to satisfy any judgment against their employees, by virtue of Wis. Stat. § 895.46.

# COUNT III:
## 42 U.S.C. § 1983 *Monell*[3] Claim for Unconstitutional Policy or Failure to Train, Supervise, or Discipline

62. Plaintiff realleges the above facts.

63. Defendants Boyack and Milone violated Plaintiff Brown-Oliver's Fourth Amendment rights by unlawfully seizing and searching him without reasonable suspicion.

64. At the time, Defendant City of Milwaukee had a policy of allowing its police officers, including Boyack and Milone, to search and seize people without reasonable suspicion.

65. At the time, Defendant City of Milwaukee had a custom of allowing suspicionless searches and seizures that was persistent and widespread. The City of Milwaukee knew that its police officers, including Boyack and Milone, were searching and seizing people without reasonable suspicion and allowed the practice to continue.

66. The City of Milwaukee's policy of allowing its officers to search and seize people without reasonable suspicion caused Plaintiff Brown-Oliver to be seized and searched by Defendants Boyack and Milone without reasonable suspicion.

67. The City of Milwaukee failed to adequately train, supervise, and discipline Defendants Boyack and Milone.

68. The City of Milwaukee knew that it was highly predictable that Boyack and Milone would continue to perform suspicionless searches and seizures because there was a pattern of similar constitutional violations.

---

[3] *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

69. The City of Milwaukee's failure to adequately train, supervise, and discipline Boyack and Milone caused Brown-Oliver to be seized and searched without reasonable suspicion.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against the City of Milwaukee, plus the costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury, pursuant to FED. R. CIV. PRO. 38(b), on all issues so triable.

Respectfully submitted,

Dated: 31 October 2023,

STRANG BRADLEY, LLC
Attorneys for Plaintiff

/s/ R. Rick Resch
John H. Bradley
Wisconsin Bar No. 1053124
R. Rick Resch
Wisconsin Bar No. 1117722
James Odell
Wisconsin Bar No. 1131587
Strang Bradley, LLC
613 Williamson St., Ste. 204
Madison, WI 53703
(608) 535-1550
John@StrangBradley.com
Rick@StrangBradley.com
James@StrangBradley.com